# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DESIRE SOARES CARRASCO, | Case No. 1:13-cv-01438-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE DENIED AND DEFENDANTS' MOTION TO DISMISS BE PARTIALLY GRANTED AND PARTIALLY DENIED |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC., et al., | |
| Defendants. | ECF NO. 13, 17 |
| | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On October 3, 2013, Defendants C.H. Robinson Worldwide, Inc., Cheyenne Barcelona and Sean Nelson ("Defendants") filed a motion to dismiss. (ECF No. 13.) On October 23, 2013, Plaintiff Desire Soares Carrasco filed a motion to remand this action back to state court. (ECF No. 17.) Both motions were referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The hearing on the motions took place on November 27, 2013. For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be denied and that Defendants' motion to dismiss be partially granted and partially denied.

/ / /

/ / /

1

# I.

# BACKGROUND

This action was removed from state court on September 9, 2013. The original complaint only named C.H. Robinson Worldwide, Inc. ("C.H. Robinson") as a defendant. Plaintiff asserted claims for wrongful termination, retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), failure to provide meal breaks, failure to allow rest breaks and unfair competition. All of Plaintiff's claims were state law claims. Defendants removed this action to this Court on the basis of diversity jurisdiction.

On September 16, 2013, Plaintiff filed her First Amended Complaint. (ECF No. 7.) The First Amended Complaint joined Cheyenne Barcelona ("Barcelona") and Sean Nelson ("Nelson") as defendants in this action. The First Amended Complaint added claims for sexual harassment against all Defendants. However, Cheyenne Barcelona and Sean Nelson are not named as defendants to the other claims asserted in the original complaint.

Defendants filed their motion to dismiss on October 3, 2013. (ECF No. 13.) Defendants argue that Plaintiff fails to state any cognizable claims.

Plaintiff filed her motion to remand on October 23, 2013. (ECF No. 17.) Plaintiff argues that this Court no longer has jurisdiction to hear her claims because the joinder of Barcelona and Nelson destroyed diversity because they, along with Plaintiff, are citizens of the State of California.

# II.

# MOTION TO REMAND

Since the Court cannot rule on Defendants' motion to dismiss if it does not have jurisdiction over this case, the Court first addresses Plaintiff's motion to remand.

### A.  Legal Standards for Motions to Remand

Removal of actions from state court to federal court are generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

> (a)   Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

2

> be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

**B.   Discussion**

Plaintiff argues that this action should be remanded because Plaintiff's First Amended Complaint named two additional defendants who destroy diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The joinder of additional defendants after removal is governed by 28 U.S.C. § 1447(e):

> (e)   If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). In exercising its discretion, the Court may consider: 1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), 2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder, 3) whether there has been unexplained delay in seeking the joinder ,4) whether the joinder is solely for the purpose of defeating federal jurisdiction, and 5) the possible prejudice that may result to any of the parties in the litigation. Hardin v. Wal-Mart Stores, Inc. 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011).

1. Whether the Additional Parties Are Needed for Just Adjudication

Federal Rule of Civil Procedure 19(a) states that a party must be joined if "in that person's absence, the court cannot accord complete relief among the existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Plaintiff argues that joinder of Barcelona and Nelson is needed for just adjudication because under FEHA, both are individually liable apart from C.H. Robinson for acts of harassment. However, Rule 19 does not ask whether the additional parties are liable apart from the existing parties--Rule 19 asks whether the court can accord complete relief among the <u>existing</u> parties in the absence of the additional parties. Accordingly, the issue is whether Barcelona and Nelson's absence somehow prevents the Court from providing complete relief between Plaintiff and C.H. Robinson.

Whether Plaintiff is entitled to additional relief against Barcelona and Nelson apart from C.H. Robinson is irrelevant to the issue of whether complete relief can be accorded between Plaintiff and C.H. Robinson. Similarly, whether C.H. Robinson is entitled to equitable indemnity from Barcelona and Nelson is irrelevant under Rule 19(a). Plaintiff has not raised any other arguments regarding whether complete relief can be accorded between Plaintiff and C.H. Robinson in the absence of Barcelona and Nelson.

The Court finds that Plaintiff has not demonstrated that the court would be unable to accord complete relief between Plaintiff and C.H. Robinson in the absence of Barcelona and Nelson. Accordingly, this factor weighs against joinder under Section 1447(e).

2. Whether the Statute of Limitations Would Prevent the Filing of New Action

Plaintiff does not contend that his claims against Barcelona and Nelson would be barred by the statute of limitations if she were to file a new action against them. Plaintiff argues that her claims in her First Amended Complaint against Barcelona and Nelson are not barred by the statute of limitations, which potentially weighs against joinder. Under Section 1447(e), the

Court considers whether Plaintiff's claims would be barred if joinder were denied and Plaintiff were forced to raise the same claims in a separate action, not whether Plaintiff's claims, as they are raised in this action, are timely. Accordingly, this factor weighs against joinder under Section 1447(e).

### 3. Whether there was an Unexplained Delay in Seeking Joinder

Plaintiff argues that there was no unexplained delay in seeking joinder because the First Amended Complaint was filed seven days after this action was removed and only 46 days after the original complaint was filed in state court. Plaintiff further contends that Barcelona and Nelson were joined "after consideration of the facts and law and upon further investigation of the matter."

The record shows that Plaintiff sought to amend in a relatively prompt manner. Nonetheless, Plaintiff fails to adequately explain why the harassment claims against C.H. Robinson, Barcelona and Nelson were not joined in the original complaint. At the hearing, Plaintiff argued that the harassment claims were discovered after further investigation after the original complaint was filed. Plaintiff provided no details regarding this further investigation nor identified when facts were discovered by this further investigation. Accordingly, the record does not presently establish Plaintiff's argument that the harassment claims were asserted due to further investigation rather than in response to the removal. Moreover, given the nature of the alleged harassment claims, Plaintiff should have known about the facts and the existence of the claim prior to the filing of the original complaint since the harassment allegedly occurred before she was terminated in July 2013 and the original complaint was filed in September 2013. Absent a more convincing explanation, the obvious inference from the timing of the joinder suggests that these claims were added to defeat jurisdiction. See discussion, infra, Part II.B.4. Accordingly, this factor weighs against joinder under Section 1447(e).

### 4. Whether Joinder is Solely for the Purpose of Defeating Federal Jurisdiction

Plaintiff argues that joinder of Barcelona and Nelson is not solely intended to defeat federal jurisdiction. However, for reasons previously discussed, Plaintiff does not present convincing reasons otherwise. See discussion, supra, Part II.B.3. The timing of the amendment

suggests that Barcelona and Nelson are being joined to defeat jurisdiction and return to state court. Accordingly, this factor weighs against joinder under Section 1447(e).

     5.    <u>The Possible Prejudice that May Result to Any of the Parties</u>

Plaintiff argues that denial of joinder will prejudice Plaintiff because she will be forced to pursue those claims in a separate action. The Court finds that the additional costs associated with litigating separate actions may prejudice Plaintiff, however this prejudice is not substantial. Notably, the facts related to Plaintiff's harassment claims against C.H. Robinson, Barcelona and Nelson are distinct from the facts giving rise to Plaintiff's other claims for wrongful termination, retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), failure to provide meal breaks, failure to allow rest breaks and unfair competition. Accordingly, while there may be some overlap in the discovery and the evidence relevant in the separate actions, the overlap is not as substantial as it would be if the claims were based upon the same factual predicate. Accordingly, this factor only weighs slightly against joinder under Section 1447(e).

     6.    <u>Joinder Under Section 1447(e) is not Appropriate</u>

Four of the five factors weigh against joinder and the fifth factor only weighs slightly in favor of joinder. Given the timing of the joinder and Plaintiff's inability to provide a persuasive reason for not including Barcelona and Nelson in the original complaint, the Court will recommend that joinder be denied and that Plaintiff's motion to remand be denied.

## III.

## MOTION TO DISMISS

Having determined that Barcelona and Nelson should not be joined in this action, the Court addresses Defendants' motion to dismiss only with respect to Plaintiff's claims against Defendant C.H. Robinson.

    **A.**    **Legal Standards for Motions to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

**B.    Discussion**

Defendants argue that Plaintiff's wrongful termination claim, harassment claim, retaliation claim, meal period claim, rest break claim and unfair competition claim all fail to state a claim.

1.    Wrongful Termination Claim

Defendants contend that Plaintiff fails to state a cognizable claim for wrongful termination under FEHA. Under FEHA, it is unlawful for an employer to discharge a person from employment on the basis of certain classifications, including race. Cal. Gov't Code § 12940(a). The elements of a FEHA claim for employment discrimination are (1) the employee's membership in a classification protected by the statute, (2) discriminatory animus on the part of the employer toward members of that classification, (3) an action by the employer adverse to the employee's interests, (4) a causal link between the discriminatory animus and the adverse action, (5) damage to the employee, and (6) a causal link between the adverse action and the damage. Mamou v. Trendwest Resorts, Inc., 165 Cal. App. 4th 686, 713 (2008).

Defendants argue that Plaintiff's complaint fails to allege sufficient facts to support a cognizable claim for wrongful discharge. Specifically, Defendants contend that Plaintiff's complaint fails to sufficiently allege that Plaintiff's discharge was based upon her membership in a protected class.

Plaintiff alleged that her supervisor, Barcelona, personally disliked Plaintiff and Defendants contend that Plaintiff's claim fails because personal dislike is not actionable under FEHA. However, Plaintiff also alleged that "she was terminated because Ms. BARCELONA did not like her personally, *and because of her race*." (Id. (italics added).)

7

Defendants contend that Plaintiff's complaint is insufficient because Plaintiff did not allege that she was replaced by someone of a different race, that members of her race were treated differently, or that her supervisors or coworkers made comments or references to her race. However, Defendants' arguments speak to the evidentiary requirements for establishing a claim for employment discrimination and not to the pleading standards that Plaintiff must satisfy in order to survive a motion to dismiss. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510-11 (2002). At this stage, Plaintiff's allegation that she was terminated on the basis of her race must be accepted as true. Id. at 508 n.1.

Defendants also note that Plaintiff's complaint does not even identify her race. While true, the elements of a FEHA claim only require Plaintiff to be a member of *some* race/protected class--the particular race is immaterial for pleading purposes. Plaintiff's claim is not more or less cognizable depending on which racial group she is a member of.

The pleading rules only require Plaintiff's complaint to give Defendants fair notice of her claim and allege enough facts to make the claim plausible. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). The Court finds that Plaintiff's complaint alleges sufficient facts to support a plausible claim for wrongful discharge based upon race in violation of FEHA.

    2.    Harassment Claim

Defendants argue that Plaintiff fails to allege sufficient facts to support a harassment claim under FEHA. Specifically, Defendants contend that Plaintiff only provided conclusory allegations pertaining to sexual harassment without "sufficient factual details to illustrate such." In addition to FEHA's prohibition against discrimination based upon sex under California Government Code Section 12940(a), FEHA expressly prohibits harassment of an employee based upon sex. Cal. Gov't Code § 12940(j)(1). "'[T]he prohibition against sexual harassment includes protection from a broad range of conduct, ranging from expressly or impliedly conditioning employment benefits on submission to or tolerance of unwelcome sexual advances, to the creation of a work environment that is hostile or abusive on the basis of sex.'" Lyle v. Warner Bros. Television Productions, 38 Cal. 4th 264, 277 (2006) (quoting Miller v. Department of Corrections, 36 Cal.4th 446, 461 (2005)). Thus, hostile work environment and quid pro quo

harassment are two forms of sexual harassment actionable under FEHA. See Miller, 36 Cal. 4th at 461 n.6.

Defendants argue that Plaintiff fails to allege sufficient facts to support a hostile work environment claim because her allegations against Barcelona relate to normal personnel decisions and her remaining allegations describe conduct that was not severe or pervasive enough to constitute harassment. Since the Court recommends that joinder be denied with respect to the individual defendants (Barcelona and Nelson), the Court need not determine whether Plaintiff states sufficient facts to support a claim against these individuals. The Court need only determine whether Plaintiff states sufficient facts to support a claim against the C.H. Robinson.

Plaintiff's First Amended Complaint alleges the following facts relevant to her sexual harassment claim:

- Nelson, a supervisor, frequently gave back massages to some of the female staff in full view of other employees, including frequent massages to a Leslie Harrington, who "would thereafter make Mr. Nelson breakfast in the office." Plaintiff alleges that the "personal affiliation between Ms. Harrington and Mr. NELSON in full view of others created an awkward and uncomfortable working environment." (First Am. Compl. ¶ 23.)
- Paul Cruikshank, a senior manager, "on at least one occasion," made "unwelcome sexual innuendos to Ms. Harrington regarding "Desire" being CARRASCO's first name" and on one occasion summoned Plaintiff to his office to have a personal conversation regarding his pending divorce. (First Am. Compl. ¶ 24.)

At the hearing, Plaintiff argued that the complaint alleged that Barcelona harassed Plaintiff in a manner not necessary given her managerial role. (See First Am. Compl. ¶¶ 16, 17 34.) However there is no allegation that this harassment occurred because of Plaintiff's sex or gender. Plaintiff does not allege that any of the other events described in her complaint beyond the incidents identified above involving Nelson and Cruikshank occurred because of Plaintiff's sex or gender. Accordingly, these allegations are not relevant to Plaintiff's harassment claim. See Lyle, 38 Cal.4th 264, 280 (to plead sexual harassment claim, the plaintiff must show that

gender is a substantial factor in the discrimination).

"With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature." Lyle, 38 Cal.4th at 283 (citations omitted). "That is, when the harassing conduct is not severe in the extreme, more than a few isolated incidents must have occurred to prove a claim based on working conditions." Id. at 284. "Moreover, when a plaintiff cannot point to a loss of tangible job benefits, she must make a commensurately higher showing that the sexually harassing conduct was pervasive and destructive of the working environment." Id. Further, "[a] hostile work environment sexual harassment claim by a plaintiff who was not personally subjected to offensive remarks and touching requires 'an even higher showing' than a claim by one who had been sexually harassed without suffering tangible job detriment: such a plaintiff must 'establish that the sexually harassing conduct permeated [her] direct work environment.'" Id. at 285 (quoting Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 610 (1989)).

Lyle provides a guidepost on workplace conduct that is not deemed severe or pervasive enough to constitute sexual harassment. In Lyle, the work environment included employees "pantomiming ... masturbation," maintaining a cheerleader "coloring book" with crude drawings, altering words on scripts and calendars to spell out male and female body parts, graphic discussions of personal sexual experiences and preferences, and bragging about personal sexual exploits. The Court concluded that such conditions were not severe enough to constitute sexual harassment. Id. at 288.

Here, Plaintiff alleged isolated incidents involving Mr. Cruikshank regarding sexual innuendo regarding Plaintiff's name and a personal conversation regarding Mr. Cruikshank's pending divorce. Plaintiff does not allege that any of these incidents involving Mr. Cruikshank had a tangible effect on Plaintiff's job benefits, thus requiring Plaintiff to "make a commensurately higher showing" of pervasiveness. Since the alleged conduct were neither "severe in the extreme" nor repeated or routine, it was not severe or pervasive enough to be

actionable.

The conduct involving Nelson did not directly involve Plaintiff, and thus Plaintiff is required to make an even higher showing that the harassing conduct permeated Plaintiff's direct work environment.  Plaintiff has not alleged sufficient facts to support this conclusion. Plaintiff's allegations pertaining to Nelson and Leslie Harrington implicate quid pro quo harassment issues, but critically Plaintiff did not allege that a tangible employment action resulted from Plaintiff's refusal to submit to Nelson's sexual demands.  Hughes v. Pair, 46 Cal. 4th 1035, 1049 (2009).

Based upon the foregoing, the Court finds that Plaintiff has not alleged sufficient facts that plausibly support the conclusion that Defendants' actions were severe or pervasive enough to constitute sexual harassment within the meaning of FEHA.  The Court finds that Plaintiff's complaint does not allege sufficient facts to support a sexual harassment claim against C.H. Robinson.

3. Retaliation Claim

With respect to Plaintiff's retaliation claim, Defendants argue that Plaintiff does not state a cognizable claim because Plaintiff does not allege sufficient facts to support a causal link between her protected conduct and any adverse employment action.  The elements of a retaliation claim under FEHA are: (1) that the plaintiff engaged in a "protected activity," (2) that the employer subjected the employee to an adverse employment activity, and (3) a causal link between the protected activity and the employer's action.  Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005).

Defendants argue that Plaintiff failed to allege facts which demonstrate a causal link between Plaintiff's protected activity and the employer's adverse action because Plaintiff's complaint does not identify the specific decision maker who took action against Plaintiff. Therefore, there is no indication that the decision maker knew about Plaintiff's protected activity and took adverse action because of that protected activity.

/ / /

Plaintiff alleged that she complained about her mistreatment to at least two supervisors at

11

1 C.H. Robinson Worldwide, Ms. Cribbs and Mr. Nelson. (First Am. Compl. ¶¶ 16, 18.) Making
2 informal complaints to supervisors constitutes a "protected activity" under FEHA. Day v. Sears
3 Holdings Corp., 930 F. Supp. 2d 1146, 1176 (C.D. Cal. 2013) (citing Garcia v. Los Banos
4 Unified School Dist., 418 F. Supp. 2d 1194, 1224 (E.D. Cal. 2006). Moreover, an employee's
5 complaints may constitute a "protected activity" within the meaning of FEHA even if the
6 conduct complained of did not actually violate FEHA--the employee only needs to have a
7 reasonable and good faith belief that the conduct violates FEHA. Yanowitz v. L'Oreal USA,
8 Inc., 36 Cal.4th 1028, 1043 (2005).

9     Here, the Court finds that Plaintiff's complaint alleges sufficient facts pertaining to the
10 causal link between Plaintiff's complaints and the alleged adverse actions that ultimately lead to
11 Plaintiff's termination. Plaintiff alleged that after she made complaints to Ms. Cribbs and Mr.
12 Nelson, Plaintiff was falsely reprimanded for "missing an order" and told to become more of a
13 "yes" person. (First Am. Compl. ¶¶ 17-18.) Plaintiff was eventually given a poor mid-year
14 evaluation, was excluded from company-wide e-mails and was replaced and fired. At this stage
15 in litigation, the Court finds that Plaintiff's allegations pertaining to the timing of her complaints
16 and the subsequent adverse actions are sufficient to state a claim for retaliation. Defendant does
17 not cite any authority for the proposition that Plaintiff, at the pleading stage, must identify the
18 specific individual who retaliated against Plaintiff in order to state a claim. These details may be
19 unknowable to a plaintiff prior to the opportunity to conduct discovery. At this stage in
20 litigation, Plaintiff need only allege facts that demonstrate that her claims are plausible. Bell
21 Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). The Court finds that Plaintiff has met
22 that standard with respect to her retaliation claim. Accordingly, the Court will recommend that
23 Defendants' motion to dismiss with respect to Plaintiff's retaliation claim be denied.

24     4.    <u>Meal Break and Rest Break Claims</u>

25     Defendants argue that Plaintiff fails to state a cognizable claim for missed meal breaks or
26 for missed rest breaks. Specifically, Defendants argue that Plaintiff failed to specify precisely
27 how Defendants failed to "provide" a meal break or rest break.

28     California Labor Code § 226.7(a) prohibits employers from "requir[ing] any employee to

12

work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."[1]  Section 226.7(b) in turn establishes statutory penalties equal to one additional hour of pay for each work day that the meal or rest period is not provided.

In Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1034 (2012), the California Supreme Court held that in order to comply with Labor Code § 226.7, an employer need only "relieve the employee of all duty for the designated period, but need not ensure that the employee does no work."  Furthermore, "an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks."  Id. at 1040.

Plaintiff alleged that she "consistently worked over five hour shifts without the required break to be able to timely complete the tasks assigned."  (First Am. Compl. ¶ 58.)  Plaintiff also alleged that "C.H. ROBINSON failed to provide CARRASCO with meal breaks of not less than 30 minutes prior to exceeding five hours of employment."  (First Am. Compl. ¶ 59.)  Plaintiff alleges that she and other employees "routinely worked through lunch" "so that she could complete her job duties in a timely manner, meet set deadlines and avoid ridicule for not working efficiently."  (First Am. Compl. ¶ 13.)  Plaintiff made similar allegations pertaining to missed rest breaks.  (First Am. Compl. ¶¶ 62-63.)

Plaintiff's allegations are vague and insufficient because it is unclear whether Defendants' failure to "provide" Plaintiff with meal and rest breaks was due to Defendants' failure to relieve Plaintiff of all duty for the designated period, or if it was due to Plaintiff not taking meal and rest breaks that were otherwise available to her.  The allegations in Plaintiff's complaint and the arguments in her brief suggest that the latter was the case and that Plaintiff chose not to take meal and rest breaks to perform work in a timely manner and avoid ridicule.

However, Plaintiff's allegations are insufficient because they focus on Plaintiff's actions and do not identify any specific actions by her employer pertaining to the missed meal breaks and rest breaks.  Plaintiff does not allege that any of her supervisors said anything to Plaintiff

---

[1] Neither party identifies the particular wage order that applies to Plaintiff's job.  However, Defendants do not challenge Plaintiff's allegation that the applicable wage order requires Defendants to provide employees with a paid meal break of at least thirty minutes per five hour work period.

about working through breaks or otherwise coerced Plaintiff to work through breaks. Plaintiff alleged that she worked through breaks to avoid ridicule, but has not alleged any actions by her employer that demonstrate that the threat of ridicule existed. In short, Plaintiff has not identified any actions by C.H. Robinson Worldwide that impeded or discouraged Plaintiff from taking her meal breaks.

Plaintiff argues that Brinker is inconsistent with prior cases where courts rejected meal break and rest break claims premised on the argument that the employee worked through meal breaks and rest breaks in order to complete the job tasks assigned by the employer. See, e.g., White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1087-89 (N.D. Cal. 2007) (no liability for missed meal and rest breaks by store manager who did not take breaks to "do what you got to do to get the job done" combined with company's instruction not to exceed assigned labor budget.). However, nothing in the Brinker opinion is inconsistent with these prior cases. Brinker recognized two competing concerns: 1) "employees cannot manipulate the flexibility granted them by employers to use their breaks as they see fit to generate ... liability," and 2) "an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." Brinker Restaurant Corp., 53 Cal.4th at 1040. Here, Plaintiff's claim falls squarely in the former category. Plaintiff has not identified any "pressuring" by C.H. Robinson Worldwide that coerced Plaintiff to perform her duties in ways that omit breaks. Liability for failure to provide meal breaks and rest breaks is premised on the employer's actions, and not necessarily the employee's actions. Plaintiff's complaint does not identify any actions by Defendants that would give rise to liability.

While Brinker acknowledges the possibility that employers violate the Labor Code by formally making meal breaks available but coercing employees to work through them, Plaintiff has not alleged enough facts to support such a claim here. Accordingly, Plaintiff fails to state a claim for missed meal breaks or missed rest breaks.

/ / /

/ / /

5. Unfair Competition Claim

14

Next, with respect to Plaintiff's unfair competition claim, Defendants argue that Plaintiff fails to state a cognizable claim because the claim is derivative of her other claims and therefore fails for the same reasons.  Plaintiff conversely argues that if any of her claims are cognizable, then her unfair competition claim is cognizable.

California Business and Professions Code § 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice..."  "The UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'"  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)).

Since Section 17200 is written in the disjunctive, business practices may be prohibited as "unfair" or "fraudulent" irrespective of its lawfulness.  However, Plaintiff's sole argument is that the "unlawful" prong applies.

While Plaintiff contends that her unfair competition claim should survive if any other claim in her complaint survives, the allegations that Plaintiff made in her First Amended Complaint regarding unfair competition pertain only to missed meal breaks and rest breaks.  (See First Am. Compl. ¶ 65.)  The Court has already found these claims to be non-cognizable.  Plaintiff's Sixth Cause of Action only mentions missed meal breaks and rest breaks and contains no reference to retaliation or wrongful termination.  Accordingly, Plaintiff also fails to state a cognizable claim for unfair competition.

### C. Leave to Amend

Plaintiff requests leave to amend her complaint if any of her claims are dismissed.  The Court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (2000).  The Court finds that the defects in Plaintiff's harassment claim, meal break claim, rest break claim and unfair competition claim may be cured by the allegation of additional facts.  Accordingly, the Court will recommend that these claims be dismissed with leave to amend.

/ / /

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court finds that Plaintiff's attempt to join Barcelona and Nelson as defendants in this action should be denied and that Plaintiff's motion to remand should be denied. The Court further finds that Defendants' motion to dismiss be partially granted and that Plaintiff's harassment claim, meal break claim, rest break claim and unfair competition claim be dismissed, but with leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's attempt to join Cheyenne Barcelona and Sean Nelson as defendants in this action be DENIED pursuant to 28 U.S.C. 1447(e);

2. Plaintiff's motion to remand be DENIED;

3. Defendants' motion to dismiss be PARTIALLY GRANTED:

   a. Defendants' motion to dismiss Plaintiff's wrongful termination claim be DENIED;

   b. Defendants' motion to dismiss Plaintiff's harassment claim be GRANTED;

   c. Defendants' motion to dismiss Plaintiff's retaliation claim be DENIED;

   d. Defendants' motion to dismiss Plaintiff's meal period claim be GRANTED;

   e. Defendants' motion to dismiss Plaintiff's rest period claim be GRANTED;

   f. Defendants' motion to dismiss Plaintiff's unfair competition claim be GRANTED; and

4. Plaintiff be given leave to amend her complaint.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**November 27, 2013**__

UNITED STATES MAGISTRATE JUDGE