SEYFARTH SHAW LLP
Robert Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
C.H. ROBINSON WORLDWIDE, INC.

WANGER JONES HELSLEY PC
Jay A. Christofferson, (SBN 203878)
*jchristofferson@wjhattorneys.com*
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone:    (559) 233-4800
Facsimile:    (559) 233-9300

Attorneys for Plaintiff
DESIRE SOARES CARRASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DESIRE SOARES CARRASCO, | Case No. 1:13-cv-01438-LJO-SAB |
| Plaintiff, | |
| v. | **JOINT STIPULATED PROTECTIVE ORDER** |
| C.H. ROBINSON WORLDWIDE, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff DESIRE SOARES CARRASCO ("Plaintiff") and Defendant C.H. ROBINSON WORLDWIDE, INC. ("Defendant"), through their respective attorneys of record, that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

**1.     PURPOSES AND LIMITATIONS**

Plaintiff and Defendant acknowledge that disclosure and discovery activity in this litigation will involve production of confidential, proprietary, trade secret, medical, psychological, personal or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items deemed "Protected Material" as that term is defined below.

**2.     DEFINITIONS**

**2.1     Party**. Plaintiff and Defendant, including her/its officers, directors, employees, Experts (as defined below) and outside counsel (as defined below).

**2.2     Disclosure or Discovery Material**.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery or other requests for documentation in this matter.

**2.3     "CONFIDENTIAL" Information or Items**. Information (regardless of how generated, stored or maintained) or tangible things that constitute private records, trade secrets or other confidential material, research, development, commercial, business, medical, psychological, personnel or other private information that otherwise qualify for protection under Federal Rule of Civil Procedure ("Rule") 26(c).

///

**2.4** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Extremely sensitive information that the Disclosing Party considers in good faith to contain or comprise information covered by paragraph 2.3 above, but that is so highly sensitive or confidential that disclosure to a Party would pose a substantial risk of impairing the personal, business or commercial interests of the Designating Party or others subject to Rule 26(c) or under other applicable laws.

**2.5** **Producing Party**. A Party that produces Disclosure or Discovery Material in this case.

**2.6** **Receiving Party**. A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** **Designating Party**. A Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.

**2.8** **Protected Material**. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items.

**2.9** **Outside Counsel**. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their employees and independent companies or agencies that Outside Counsel directly retains on behalf of a Party to perform litigation support services, including for example steno- or videographic services.

**2.10** **Expert**. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action (regardless whether the consultant serves as a witness). This definition includes a professional jury or trial consultant retained in connection with this litigation. An expert for purposes of this Stipulated Protective Order shall not include anyone who is a past or current employee of a Party or a competitor of a Party.

///

**2.11   Professional Vendors.**  Persons or entities that provide litigation support services (e.g., photocopying; videotaping, translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in this action or in other settings that might reveal Protected Material.  Nothing in this Order shall be construed as requiring disclosure of documents, information or any other materials that are subject to applicable privileges or immunities or that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

**4.   DURATION**

The parties to this Stipulated Protective Order intend that the protections conferred by the designation of material as "Protected Material" shall apply to any documents produced in this litigation so designated, regardless of whether or not this Order has been entered by the Court.  Further, the parties agree to "meet and confer" in good faith after the conclusion of the subject litigation (if not before) to ensure that "Protected Material" does not become part of the "public record."

**5.   DESIGNATING PROTECTED MATERIAL**

**5.1   Exercise of Restraint and Care in Designating Material for Protection.**

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted,

1  that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

2      **5.2**    **Manner and Timing of Designations**.

3      Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a),

4  below), or as otherwise stipulated or ordered, material that qualifies for protection under this

5  Order must be clearly so designated before the material is disclosed or produced.  This, however,

6  does not preclude a Designating Party from designating Protected Material previously produced

7  in this action prior to the Parties' entry of this Stipulated Protective Order.

8      Designation in conformity with this Order requires:

9      **(a)**    **For information in documentary form** (apart from transcripts of

10  depositions or other pretrial or trial proceedings):

11      The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top or bottom of each page that

13  contains protected material.  Protected Material previously produced in this action prior to the

14  entry of this Stipulated Protective Order will be covered under this Protective Order as follows:

15  the Designating Party shall provide the Receiving Party with correspondence indicating which

16  documents previously produced that will be treated as "CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such correspondence shall bring such

18  material previously produced in this action prior to the entry of this Stipulated Protective Order

19  under its protection as Protected Material.

20      **(b)**    **For testimony given in deposition or in other pre-trial or trial**

21  **(litigation) proceedings:**

22      The Designating Party may designate information disclosed on the record at the

23  deposition, including testimony and exhibits, as "CONFIDENTIAL INFORMATION" or

24  "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" and request the

25  preparation of a separate transcript of such material.  Such separate transcript shall include both

26  deposition testimony and exhibits so designated.  In addition, a Designating Party may designate

27  in writing, within twenty (20) days after receipt of any deposition transcript in the action, the

28  specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL

1 INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES
2 ONLY."  The Designating Party shall then be responsible to notify the Court Reporter and the
3 Court Reporter shall provide a separate transcript which shall include both deposition testimony
4 and exhibits so designated.

5 Transcript pages containing Protected Material must be separately bound by the court
6 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
7 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party
8 offering or sponsoring the witness or presenting the testimony.

9 **(c)   Information Contained in Responses to Written Discovery:**

10 A Designating Party may designate information disclosed in response to written
11 discovery requests (including subpoenas) as "CONFIDENTIAL INFORMATION" or "HIGHLY
12 CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" by so indicating in said
13 responses, on each page of any documents produced with such responses, and/or as otherwise
14 provided in Paragraph 5.2 above, identifying those responses being so designated.  In addition, a
15 Designating Party may designate in writing, within twenty (20) days after receipt of another
16 Party or non-party's responses to written discovery requests, the specific responses, documents,
17 and/or other information to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY
18 CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

19 **(d)   For information produced in some form other than documentary, and
20 for any other tangible items**:

21 The Producing Party shall affix in a prominent place on the exterior of the container or
22 containers in which the information or item is stored the legend "CONFIDENTIAL" or
23 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the
24 information or item warrant protection, the Producing Party, to the extent practicable, shall
25 identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as
26 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

27 **5.3   Inadvertent Failure to Designate**.

28 An inadvertent failure to designate qualified information or items as "CONFIDENTIAL"

5

1 or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone,
2 waive the Designating Party's right to secure protection under this Order for such material.  If
3 material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
4 ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on
5 timely notification of the designation, must make reasonable efforts to assure that the material is
6 treated in accordance with the provisions of this Order.

       **5.4**      **Challenges to Designations**.

      A Party may challenge the propriety of any designation of any Discovery Disclosure or Discovery Material made pursuant to this Order. The challenge shall be made within forty-five (45) days of the challenging party's receipt of the material to be challenged. A challenge may be made by serving by facsimile and/or e-mail on all other Parties (and third parties, if applicable) a "Notice of Objection" that identifies with particularity the Protected Material as to which the designation is challenged and states the basis for each challenge.

      **(a)**      After any challenge is asserted to a designation made according to the procedures set forth in Paragraph 5.2 above and its various sub-paragraphs, the Protected Material shall continue to have its designation until the challenge is fully resolved according to the procedures set forth in this paragraph 5.4(b).

      **(b)**      Within twenty (20) calendar days after service of a Notice of Objection in full compliance with paragraph 5.4 above, the Designating Party shall fax and/or e-mail a response to the Notice of Objection setting forth the legal and factual grounds on which the Designating Party bases its position that the materials have been properly designated.  If no such response is provided the objection will be deemed sustained and the document, information or material at issue shall be re-designated in accordance with the objection.

      If, after response by the Designating Party the Challenging Party remains unconvinced of the propriety of the designation, the challenging party may file a motion objecting to the designation and seeking the Court's leave to redesignate the identified information within twenty (20) calendar days after receipt of the response to the Notice of Objection.  In the event of a motion objecting to the designation of Protected Material, any Protected Material affected by

1  such motion shall be lodged with the Court under seal in conjunction with the motion.  The
2  Designating Party shall bear the burden of establishing that it properly designated the Protected
3  Material within the meaning of this Protective Order or that the information is otherwise
4  deserving of an alternative designation.
5      If such a motion is timely filed, the original designation shall remain effective until the
6  later of: (i) twenty (20) court days after service of notice of entry of an order re-designating the
7  materials, or (ii) an appellate court's ruling on any timely filed writ petition.  The Parties shall
8  meet and confer in good faith prior to the filing of any motion under this paragraph.
9  **6.     ACCESS TO AND USE OF PROTECTED MATERIAL**
10         **6.1    Basic Principles**.
11     A Receiving Party may use Protected Material only for purposes of prosecuting and
12 defending this action.  Such Protected Material may be disclosed only to the Court and its
13 employees or other staff (e.g., externs) and to the categories of persons described in this
14 Stipulated Protective Order.  When the litigation has been concluded, a Receiving Party shall
15 comply with the provisions of Paragraphs 4, 8, 9 and 13.
16         **6.2    "CONFIDENTIAL" Information May Be Disclosed Only to the Following**
17 **Persons**:
18             **(a)**    The Parties, and if, applicable, to their employees, officers, directors
19 and/or board members to whom disclosure is reasonably necessary, who have signed the
20 "Acknowledgment and Agreement to Be Bound" by this Stipulated Protective Order in the form
21 attached as Exhibit A (the "Certification");
22             **(b)**    Outside Counsel as defined above;
23             **(c)**    Experts, as defined above, who have signed the Certification;
24             **(d)**    Deponents during the course of their depositions, who have signed the
25 Certification;
26             **(e)**    Any person who authored, co-authored or received "CONFIDENTIAL"
27 Information, provided such persons may not retain any "CONFIDENTIAL" Information shown
28 to them and only after execution of the Certification; and

        **(f)**      Any other person by written agreement of the Designating Party and only after execution of the Certification.

    **6.3**      **Information Designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" May Be Disclosed Only to the Following Persons**:

        **(a)**      Outside Counsel as defined above;

        **(b)**      Experts, as defined above, who have signed the Certification;

        **(c)**      Any person who authored, co-authored or received "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information, provided such persons may not retain any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shown to them and only after execution of the Certification; and

        **(d)**      Any other person by written agreement of the Designating Party and only after execution of the Certification.

    **6.4**      **Duty to Maintain "Protected Material" Securely.**

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.**      **DESIGNATING PARTY'S USE OF OWN DOCUMENTS**

Nothing in this Order shall limit any Designating Party's use of its own documents and information, including Protected Material, in this action or otherwise.  Such disclosure shall not affect any designations made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

///

///

**8.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party's Outside Counsel in writing sent by fax

and/or e-mail immediately and in no event more than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order, the identification of the Protected Material(s) which the Receiving Party believes to be implicated by the subpoena or order, and must indicate the basis or bases by which the Receiving Party believes that the identified documents are subject to disclosure.

The Receiving Party must also immediately inform, in writing, the party causing the subpoena or order to issue that some or all responsive material is subject to this Protective Order. A copy of this Stipulated Protective Order shall be included therewith.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to recover all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons to return and/or destroy **all** copies of all materials so disclosed and certify that such return and/or destruction has taken place.

///

///

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as a trial-preparation material, the party making the claim may notify any party that receiving such information of such claim and the basis for it.  After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 11. MISCELLANEOUS

### 11.1 Right to Further Relief.

All Parties reserve the right to seek modification of this Order at any time for good cause, including obtaining appropriate orders for deponents who refuse to sign the attached Certification (i.e. Exhibit A).  The Parties agree to meet and confer prior to seeking to modify this Order for any reason.  The restrictions imposed by this Order may only be modified or terminated by written stipulation of all Parties or by order of Court.  No Party shall be prejudiced in any way of its right to petition the Court for a further protective order relating to any purportedly confidential information. Nothing in this Order Shall prevent any Party from seeking additional Protective Orders or other appropriate relief with respect to the scope of discovery and/or any discovery requests, depositions, and/or portions thereof that such Party believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

### 11.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

1  addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object, on
2  any ground, to use in evidence of any Protected Material.
3       **11.3**    **Filing Protected Material**.
4       Without written permission from the Designating Party or a court order secured after
5  appropriate notice to all interested persons, a Party may not file in the public record in this action
6  any Protected Material. A Party that seeks to file under seal any Protected Material must comply
7  with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court
8  order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local
9  Rule 141, a sealing order will issue only upon a request establishing that the Protected Material
10  at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the
11  law.
12  **12.**    **COMPLIANCE WITH ORDER**
13       A Party's compliance with the obligations imposed on it by this Order, including any
14  obligations concerning the treatment of information designated as "CONFIDENTIAL
15  INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES
16  ONLY," shall not be deemed an admission by the complying Party or otherwise be evidence that
17  the information so designated is confidential, proprietary, trade secret, or private information.
18  Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the
19  Designating Party's designation of Protected Material as "CONFIDENTIAL INFORMATION"
20  or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."
21  **13.**    **FINAL DISPOSITION**
22       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
23  after the final termination of this litigation, each Receiving Party must return all Protected
24  Material to the Producing Party. As used in this subdivision, "all Protected Material" includes
25  all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any
26  of the Protected Material. With permission in writing from the Producing Party, the Receiving
27  Party may destroy some or all of the Protected Material instead of returning it. Whether the
28  Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to the terms of this Stipulated Protective Order.

DATED: March 10, 2014              SEYFARTH SHAW LLP

By    /s/ Robert B. Milligan
       Robert B. Milligan
       D. Joshua Salinas
       Attorneys for Defendant
       C.H. ROBINSON WORLDWIDE, INC.

DATED: March 10, 2014              WANGER JONES HELSLEY PC

By    /s/ Jay A. Christofferson as authorized on March 9, 2014
       Jay A. Christofferson
       Attorneys for Plaintiff DESIRE SOARES CARRASCO

**ORDER**

IT IS SO ORDERED.

Dated:   **March 11, 2014**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], have received a copy of the Stipulated Protective Order entered by the United States District Court for the Eastern District of California (the "Court") on March \_\_, 2014 in the matter *Desire Soares Carrasco v. C.H. Robinson Worldwide, Inc., et al.*, Case No. 1:13-cv-01438-LJO-SAB.  I have read the Stipulated Protective Order in its entirety, understand it, and I agree to comply with it fully and to be bound by all of it terms.

I understand any violation of the Stipulated Protective Order may subject me to sanctions by the Court, in addition to any other remedies that a Party may have.  I hereby submit to the jurisdiction of the Court for purposes of enforcing the Stipulated Protective Order, whether during the action or after its conclusion

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____          Printed name:_____

Signature:_____